THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | 3:24-CR-139 |
| | : | (JUDGE MARIANI) |
| STEVEN WONG, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court is Defendant Steven Wong's "Motion to Dismiss for

Violation of Defendant's Right to Due Process" (Doc. 38).  Defendant's motion requests

dismissal of Count 6 of the Indictment "on the grounds that the Government's delay in filing

the same violates his Fifth Amendment Right to Due Process."  (Doc. 39, at 1).  The

Government timely filed a brief in opposition to Defendant Wong's motion (Doc. 51), to

which Defendant filed a Reply brief (Doc. 66).  Defendant's Motion to Dismiss is now ripe for

resolution.  For the reasons set forth herein, Defendant's Motion to Dismiss (Doc. 38) will be

denied.

### II. PROCEDURAL HISTORY

Defendant Wong's motion arises as the result of four separate criminal cases that

have been filed against him, beginning in 2020 (*Wong I, Wong II,* and *Wong III*, *Wong IV*).

Because the parties are intimately familiar with the facts of all four cases, and the

Court has previously written on *Wong I, Wong II,* and *Wong III*, in detail, the Court

incorporates herein its procedural history set forth in its prior memorandum opinion granting in part and denying in part Defendant's previous Motion to Dismiss (3:22-cr-72, Doc. 270 at 2-10).  However, for purposes of the present motion, the Court will set forth below a brief recitation of the four *Wong* cases.

### United States v. Wong – 3:20-cr-310 (*Wong I*)

On December 9, 2020, Defendant Wong was indicted in *United States v. Wong*, 3:20-cr-310 (hereinafter "*Wong I*") for Kidnapping (Count 1), in violation of 18 U.S.C. § 1201(a)(1), and Possession of a Firearm by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(1) (Count 2).  Defendants Cornelius Green, William Murphy, and Odaliz Wong were named in the same indictment.  (3:20-cr-310, Doc. 1).

Following a three-day jury trial, Wong was acquitted of the charge of Kidnapping (Count 1) on September 28, 2022 (*id.* at Doc. 245) and, one month later, he pleaded guilty to Possession of a Firearm by a Prohibited Person (Count 2) (*id.* at Doc. 258).  On February 23, 2023, this Court sentenced Wong to a term of imprisonment of 41 months on Count 2 of the Indictment followed by a 3-year term of supervised release. (*Id.* at Doc. 293).

### United States v. Wong – 3:21-cr-271 (*Wong II*)

On September 15, 2021, a federal grand jury indicted Wong in *United States v. Wong*, 3:21-cr-271 (hereinafter "*Wong II*"), along with four co-defendants, Eric LaSalle, Joshua Marsh, Joushton Rodriguez, and Solomon Rodriguez.  The Indictment charged Conspiracy to Interfere with Commerce by Robbery (Count 1), in violation of 18 U.S.C. §

2

1951, Interference with Commerce by Robbery (Count 2), in violation of 18 U.S.C. § 1951,

and Use of a Firearm in Furtherance of a Crime of Violence (Count 3), in violation of 18

U.S.C. § 924(c)(1)(A). (3:21-cr-271, Doc. 1). Wong was thereafter superseded on January

19, 2022, wherein the charges remained the same but an additional defendant, Alarick

Batista, was added to the indictment (*id.* at Doc. 50). A Second Superseding Indictment

was filed on February 22, 2023, to add the word "machinegun" to Count 3 (*id.* at Doc. 157).

Following several continuances, the Court scheduled trial as to Defendants Wong, J.

Rodriguez, and S. Rodriguez to commence on June 26, 2023. (*See id.*, Docs. 222, 223).[1]

On June 21, 2023, the Court in *Wong II* entered a docket annotation stating that

"[t]he trial scheduled to begin on Monday, June 26, 2023 has been continued. New date will

be forthcoming." (3:21-cr-271, Dkt. annotation of June 21, 2023). No further trial

scheduling Order was entered on the record. On November 20, 2023, the Government filed

a "Motion to Dismiss Second Superseding Indictment pursuant to Fed. R. Crim. P. 48(a)

requesting dismissal of the Second Superseding Indictment as to Defendants Wong, J.

Rodriguez, and S. Rodriguez. (*Id.* at Doc. 244). The motion was granted by the Court that

same day (*id.* at Doc. 245).

---

[1] Defendants LaSalle, Marsh, and Batista, each signed plea agreements prior to the scheduling of the trial for June 26, 2023. (3:21-cr-271, Docs. 178, 179, 196).

## United States v. Wong – 3:22-cr-72 (*Wong III*)

On February 23, 2022, the grand jury returned an Indictment against Joushton Rodriguez, Solomon Rodriguez, and Cornelius Green in *United States v. Wong*, 3:22-cr-72 (hereinafter "*Wong III*").  The Indictment charged Defendants with Conspiracy to Interfere with Commerce by Robbery, in violation of 18 U.S.C. § 1951 (Count 1) and Use of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2).  (3:22-cr-72, Doc. 1).

On June 21, 2023, Wong was charged for the first time in criminal action 3:22-cr-72 when the grand jury returned a Superseding Indictment charging Wong, J. Rodriguez, S. Rodriguez, Mohammed Zeidan, and Rachel Lysakowski, as follows:

- o  Conspiracy to Interfere with Commerce by Robbery, in violation of 18 U.S.C. § 1951, against J. Rodriguez, S. Rodriguez, Wong, Zeidan, and Lysakowski, beginning on July 22, 2020 and continuing through September 2020 (Count 1).

- o  Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951, against J. Rodriguez, S. Rodriguez, Steven Wong, and Zeidan, on or about August 29, 2020 (Count 2).

- o  Use of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A) against J. Rodriguez, S. Rodriguez, Wong, and Zeidan, on or about August 29, 2020 (Count 3).

4

o  Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951,

   against J. Rodriguez, S. Rodriguez, and Wong, on or about August 30, 2020

   (Count 4).

o  Use of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C.

   § 924(c)(1)(A) against J. Rodriguez, S. Rodriguez, and Wong, on or about

   August 30, 2020 (Count 5).

o  Use of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C.

   § 924(c)(1)(A) against J. Rodriguez, S. Rodriguez, and Wong, on or about

   September 14, 2020 (Count 6).

(3:22-cr-72, Doc. 98).

On March 22, 2024, the time for the filing of pre-trial motions having expired as to all

defendants, this Court scheduled trial to commence on June 10, 2024.  (*Id.* at Doc. 200).[2]

On May 8, 2024, the grand jury returned a Second Superseding Indictment against

Wong, J. Rodriguez, S. Rodriguez, and Zeidan charging the defendants as follows:

o  Conspiracy to Interfere with Commerce by Robbery, in violation of 18 U.S.C. §

   1951, against J. Rodriguez, S. Rodriguez, Wong, and Zeidan, beginning on July

   22, 2020 and continuing through September 2020 (Count 1).

---

[2] On February 21, 2024, a signed plea agreement was filed of record as to Defendant Lysakowski
(3:22-cr-72, Doc. 189).  Defendant Lysakowski thereafter entered a guilty plea before this Court on March
22, 2024 (*see id.* at Doc. 197). Trial was therefore only scheduled as to the remaining four co-defendants.

- o  Attempted Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951, against J. Rodriguez, S. Rodriguez, Wong, and Zeidan, on or about August 29, 2020 (Count 2).

- o  Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951, against J. Rodriguez, S. Rodriguez, and Wong, on or about August 30, 2020 (Count 3).

- o  Use of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A) against J. Rodriguez, S. Rodriguez, and Wong, on or about August 30, 2020 (Count 4).

- o  Use of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A) against J. Rodriguez, S. Rodriguez, and Wong, on or about September 14, 2020 (Count 5).

- o  Firearms Conspiracy, in violation of 18 U.S.C. § 924(o), against J. Rodriguez, S. Rodriguez, Wong, and Zeidan (Count 6).

(*Id.* at Doc. 218).  Relevant to the Court's analysis herein, the Second Superseding Indictment added a new Count 6, specifically a Firearms Conspiracy.

On May 22, 2024, this Court granted in part and denied in part Wong's "Motion to Dismiss for Violation of Defendant's Right to Speedy Trial".  (3:22-cr-72, Docs. 270, 271). The Court dismissed Counts 1, 4, and 5 of the First Superseding Indictment (Counts 1, 3, and 4 of the Second Superseding Indictment) without prejudice based on a violation of the

Speedy Trial Act and denied Defendant's motion in all other respects.  (*Id.*).

## *United States v. Wong* – **3:24-cr-139 (***Wong IV***)**

On May 28, 2024, a federal grand jury returned an Indictment in the above-captioned case, which charged Defendants against Wong, J. Rodriguez, S. Rodriguez, and Zeidan with the same six counts as those charged in the Second Superseding Indictment in criminal case number 3:22-cr-72:

- o  Conspiracy to Interfere with Commerce by Robbery, in violation of 18 U.S.C. § 1951, against J. Rodriguez, S. Rodriguez, Wong, and Zeidan, beginning on July 22, 2020 and continuing through September 2020 (Count 1).

- o  Attempted Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951, against J. Rodriguez, S. Rodriguez, Wong, and Zeidan, on or about August 29, 2020 (Count 2).

- o  Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951, against J. Rodriguez, S. Rodriguez, and Wong, on or about August 30, 2020 (Count 3).

- o  Use of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A) against J. Rodriguez, S. Rodriguez, and Wong, on or about August 30, 2020 (Count 4).

o  Use of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C.
   § 924(c)(1)(A) against J. Rodriguez, S. Rodriguez, and Wong, on or about
   September 14, 2020 (Count 5).

o  Firearms Conspiracy, in violation of 18 U.S.C. § 924(o), against J. Rodriguez, S.
   Rodriguez, Wong, and Zeidan (Count 6).

(Doc. 1).[3]

Trial as to Defendants Wong and S. Rodriguez is scheduled to commence on June 10, 2024.[4]

### III. ANALYSIS

Presently before the Court is Defendant Wong's "Motion to Dismiss for Violation of Defendant's Right to Due Process" (Doc. 38), first filed in criminal action 3:22-cr-72 on May 21, 2024, and incorporated into the above-captioned action upon agreement of the parties (see Doc. 8; 3:22-cr-72, Docs. 288, 289).  Defendant Wong's Motion requests dismissal of Count 6 of the Indictment (Firearms Conspiracy in violation of 18 U.S.C. § 924(o)) on the basis that the Government knew about Wong's alleged involvement in the charged firearms conspiracy prior to Wong's guilty plea in Wong I on October 25, 2022.  Wong asserts that

---

[3] On May 31, 2024, the Court dismissed criminal action 3:22-cr-72 against Defendants J. Rodriguez, S. Rodriguez, Wong, and Zeidan upon motion by the Government.  (3:22-cr-72, Docs. 288, 289).

[4] Defendant J. Rodriguez entered a guilty plea before this Court on May 31, 2024 (see Docs. 86, 87) and therefore is not proceeding to trial.  The Court also granted Defendant Zeidan's unopposed motion to sever him from the other defendants and trial as to Defendant Zeidan is currently scheduled to commence on September 9, 2024 (Docs. 88, 95).

the Government violated his Fifth Amendment due process rights by intentionally delaying

prosecution as to Count 6 in order to gain a "tactical advantage" over Wong and that he

suffered actual prejudice as a result of this delay. (*See generally*, Doc. 39).

The Fifth Amendment has only "a limited role to play in protecting against

oppressive" pre-indictment delay because statutes of limitations provide "predictable,

legislatively enacted limits on prosecutorial delay." *United States v. Lovasco*, 431 U.S. 783,

789 (1977). *See also, United States v. Marion*, 404 U.S. 307, 322 (1971) (statutes of

limitation "provide predictability by specifying a limit beyond which there is an irrebuttable

presumption that a defendant's right to a fair trial would be prejudiced."). However, the

"statute of limitations does not fully define [a defendant's] rights with respect to the events

occurring prior to indictment." *Marion*, 404 U.S. at 324. Thus, a defendant can "invoke the

extreme sanction of dismissal" under the Due Process Clause of the Fifth Amendment,

*United States v. Sebetich*, 776 F.2d 412, 430 (3d Cir. 1985), by establishing pre-indictment

delay "only if he can show both (1) that the delay between the crime and the federal

indictment actually prejudiced his defense; and (2) that the government deliberately delayed

bringing the indictment in order to obtain an improper tactical advantage or to harass him,"

*United States v. Beckett*, 208 F.3d 140, 150-151 (3d Cir. 2000). *See also, Lovasco*, 431

U.S. at 790 ("proof of prejudice is generally a necessary but not sufficient element of a due

process claim, and . . . the due process inquiry must consider the reasons for the delay as

well as the prejudice to the accused.") (citing *Marion*, 404 U.S. 307). Nevertheless, "the

Due Process Clause does not permit courts to abort criminal prosecutions simply because

they disagree with a prosecutor's judgment as to when to seek an indictment." *Lovasco*,

431 U.S. at 790.

Here, Wong argues that he has been prejudiced by the Government's delay in

charging him with Count 6 because "[t]he Government intends to introduce evidence as to

the newly added Count 6 that Wong's co-conspirators possessed firearms that he provided

to them and that these firearms are those that Wong pled guilty to possessing in *Wong I*."

(Doc. 39, at 7). Wong reasons that:

> The Government will use this guilty plea [in *Wong I*] as evidence in their case
> in chief at trial. Certainly, the fact that the Government can now do this due to
> the delay when they otherwise would not have had a guilty plea to rely on is
> prejudicial. Wong can hardly contest those facts now. Furthermore, the guilty
> plea would not have been admissible in Wong III without this new, delayed
> conspiracy charge which increases the scope of the conspiracy. The
> Government purposely delayed and expanded the scope to bring in firearms
> conduct outside of the initial conspiracy for firearms to which Wong has pled
> guilty to. Therefore, because the Government delayed with intent and Wong
> has been prejudiced, Count 6 . . . should be dismissed.

(*Id*.).

Wong's assertion that the prejudice to him arises out of the Government's use of his

guilty plea in *Wong I* is without foundation where the Government has specifically stated

that it will not introduce Wong's 2022 firearms conviction in *Wong I* at trial in the above-

captioned case. In its trial brief, the Government explained that it "will introduce the

underlying evidence of Defendant Wong's possession of firearms, including the Glock pistol

. . . but will not bring out evidence that Wong pleaded guilty to a violation of 18 USC §

922(g), for that possession." (Doc. 55, at 32-33). The Government also stated in a footnote

in its Motion in Limine to Introduce Evidence of Wong's Prior Conviction that:

> Defendant Wong has another felony conviction from 2022 for violation of 18
> U.S.C. 922(g)(1) (being a prohibited person in possession of a firearm) which
> the government does not intend to introduce for impeachment purposes.
> However, the underlying factual basis for that conviction, i.e. Wong's
> possession of the same Glock G-30 Pistol bearing serial number BNNV340
> which was purchased by his wife, Odaliz Wong, and which was later recovered
> in the possession of Joushton Rodriguez, bears directly upon the charged
> conduct in this case. As such, the government intends to introduce evidence of
> the underlying factual basis for Wong's 2022 conviction, including video of
> Wong in possession of the Glock G-30 Pistol bearing serial number BNNV340,
> as part of its case in chief.

(Doc. 25, at ¶ 3 n.1).

At the pre-trial conference held on May 31, 2024, the Court confirmed with the

Government that it did not intend to introduce Wong's 2022 firearms conviction from *Wong I*,

and in light of the Government's representations, asked Defendant whether he continued to

believe his 2022 conviction formed a proper basis for a claim of prejudice. The Court further

inquired into whether there was a separate or additional basis which Defendant believed

gave rise to a showing of actual prejudice. Defendant was unable to explain how he would

be prejudiced by his 2022 guilty plea and conviction where the Government does not intend

to introduce that plea and conviction at trial and Defendant did not point to any other basis

for his assertion of actual prejudice.[5]

---

[5] Of note, Defendant Wong does not assert that he was not already in receipt of all of the
discovery relevant to Count 6 well-prior to the Government's addition of the Firearms Conspiracy in May of
2024, that the addition of the Firearms Conspiracy charge resulted in his receipt of additional and

In addition, although Defendant does offer any other assertion for a finding of actual prejudice as to Count 6, the Court notes that the "prejudice" prong of a *Barker* analysis in determining whether there has been a constitutional speedy trial violation under the Sixth Amendment is applicable when determining whether a defendant has shown "actual prejudice" as a result of pre-indictment delay.  In its memorandum opinion addressing Defendant Wong's motion to dismiss for violations of his speedy trial rights, this Court applied the four-part balancing test set forth in *Barker v. Wingo,* 407 U.S. 514 (1972) in addressing post-indictment delay.  (*See* 3:22-cr-72, Doc. 270).  This "prejudice" prong set forth in *Barker* requires the same analysis when determining whether a defendant has suffered prejudice due to pre-indictment delay.  *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 868-869 (1982) (explaining that the "same 'prejudice' requirement" set forth in *Marion* and *Lovasco* "has been applied to cases of postindictment delay", citing to *Barker*).

The Court incorporates herein its *Barker* analysis set forth in its prior memorandum opinion (3:22-cr-72, Doc. 270 at 56-60) and the reasons set forth therein determining that Defendant Wong had not established prejudice due to any post-indictment delay in bringing him to trial.  In incorporating that opinion however, the Court notes that unlike a Sixth Amendment claim, wherein a defendant may succeed in demonstrating prejudice by

---

burdensome discovery, or that the receipt of new discovery relevant to this charge, if any, has impaired his ability to fully prepare for trial on June 10, 2024.  This mitigates against a finding of prejudice where, even prior to the filing of the Second Superseding Indictment on May 8, 2024, there is no assertion that Defendant had not already been provided with most, or all, of the discovery which the Government may decide to present at trial in support of the allegations in Count 6.

establishing either specific prejudice or a presumption of prejudice, to succeed on a Fifth

Amendment Due Process claim, a defendant must demonstrate *actual* prejudice, thus

creating a higher burden on the defendant in establishing prejudice under the Fifth

Amendment than he would face under the Sixth Amendment.  *See United States v.*

*Gouveia,* 467 U.S. 180, 192 (1984) ("[T]he Fifth Amendment requires the dismissal of an

indictment, even if it is brought within the statute of limitations, if the defendant can prove

that the Government's delay in bringing the indictment was a deliberate device to gain an

advantage over him and that it caused him <u>actual prejudice</u> in presenting his defense.");

*Lovasco,* 431 U.S. at 789 ("[P]roof of <u>actual prejudice</u> makes a due process claim concrete

and ripe for adjudication, [but] not . . . automatically valid."); *Marion,* 404 U.S. at 326

("Events of trial may demonstrate <u>actual prejudice</u>, but at the present time [defendants'] due

process claims are speculative and premature.") (underlines added).  For those reasons,

Wong's assertions of prejudice must fail under the Fifth Amendment, just as they did in this

Court's prior Sixth Amendment analysis.

Finally, there is no suggestion that Count 6 falls outside of the statute of limitations,

thereby significantly lessening any presumption that a defendant's right to a fair trial is

prejudiced.  *See Marion*, 404 U.S. at 325-326 (in attempting to show pre-indictment delay, the

defendants "rely solely on the real possibility of prejudice inherent in any extended delay: that

memories will dim, witnesses become inaccessible, and evidence be lost. In light of the

applicable statute of limitations, however, these possibilities are not in themselves enough to

demonstrate that appellees cannot receive a fair trial and to therefore justify the dismissal of the indictment"; but acknowledging that while Defendants' arguments pre-trial "are speculative and premature", "[e]vents of the trial may demonstrate actual prejudice. . . ").

Here, Wong's failure to demonstrate actual prejudice is fatal to his Fifth Amendment pre-indictment delay claim and thus makes it unnecessary for this Court to decide whether Wong has established that "the government deliberately delayed bringing the indictment in order to obtain an improper tactical advantage or to harass him", *Beckett*, 208 F.3d at 150-151 (a defendant can establish pre-indictment delay "*only* if he can show both (1) that the delay between the crime and the federal indictment actually prejudiced his defense; *and* (2) that the government deliberately delayed bringing the indictment in order to obtain an improper tactical advantage or to harass him.") (emphasis added); *Sebetich*, 776 F.2d at 430 ("[Defendant] must show intentional delay *and* actual prejudice") (emphasis in original).

Absent a showing of actual prejudice, Wong has failed to establish pre-indictment delay as to Count 6 and thus has not demonstrated a violation of his Due Process rights. Defendant's motion to dismiss Count 6 will therefore be denied.

## IV. CONCLUSION

For the reasons set forth herein, Defendant Steven Wong's "Motion to Dismiss for Violation of Defendant's Right to Due Process" (Doc. 38) will denied.  A separate Order follows.

Robert D. Mariani
United States District Judge